IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CAMERON M. PERKINS, ) | |
|     Petitioner, ) | Civil Action No. 7:16-cv-00400 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DANA RATCLIFF WALKER, ) |     United States District Judge |
|     Respondent. ) | |

**MEMORANDUM OPINION**

Cameron M. Perkins, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Buckingham County Circuit Court. Respondent filed a motion to dismiss, and Perkins failed to respond, making the matter ripe for disposition. After review of the record, the court grants the motion to dismiss.

I. BACKGROUND

On April 2, 2015, Perkins pleaded guilty, pursuant to a plea agreement, to three charges of possession with intent to distribute cocaine and two charges of possession with intent to distribute marijuana. The trial court sentenced Perkins to twenty-five years' imprisonment, with all but five years suspended.

At the April 2nd hearing, counsel initially moved to withdraw. However, the Commonwealth showed video footage of Perkins exchanging drugs for money with a

confidential informant, and Perkins decided it was "in [his] best interests" to enter into an *Alford*[1] plea.[2] (Tr. 25, Dkt. No. 11, Attach. 4.) Counsel then withdrew his motion to withdraw.

During his plea colloquy, Perkins told the court that he: understood the charges, was pleading guilty freely and voluntarily by way of an *Alford* plea, had discussed the elements of the charges with counsel, had enough time to discuss his options with counsel, and was satisfied with counsel and did not want him to withdraw.

Further, in the written plea agreement, Perkins acknowledged that he fully understood the charges against him, entered the guilty plea freely and voluntarily, waived his right to a jury trial, had ample time to discuss any possible defenses with counsel, waived any right to appeal, and was satisfied with counsel's performance. Pursuant to the plea bargain, the Commonwealth agreed to nolle prosse seven additional charges and also agreed to a disposition of an active sentence of only five years.

During the plea hearing, the Commonwealth outlined the evidence against Perkins, describing videotapes that showed Perkins possessing cocaine and marijuana and exchanging the drugs for money with confidential informants. The trial court accepted the plea and followed the agreed upon disposition in the plea bargain, sentencing Perkins to twenty-five years' imprisonment, with twenty years suspended. Regarding Perkins's *Alford* plea, the court found that "the evidence of guilt [was] overwhelming and substantially negate[d] [Perkins's] claim of innocence." Tr. 30.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] At the time of the hearing, counsel had already viewed the videotapes, but Perkins had not. Perkins had demanded a jury trial, and it appears that counsel wholeheartedly disagreed with that decision considering the overwhelming evidence and the severe potential punishment.

Perkins did not pursue a direct appeal[3] but did file a timely writ of habeas corpus in the Supreme Court of Virginia, alleging three claims:

1. Trial counsel misled, coerced, and forced petitioner into pleading guilty;

2. Petitioner was denied his right to counsel of choice; and

3. Trial counsel abandoned petitioner without proper protocol.

The state habeas court denied the petition. Claim 1 was barred under *Anderson v. Warden*, 281 S.E.2d 885, 888 (Va. 1981), because Perkins did not offer a valid reason why he should not be bound by his plea colloquy. Claim 2 was barred under *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Perkins could have raised the issue at trial and on direct appeal but failed to do so. Lastly, the court rejected Claim 3 because Perkins failed to establish either prong of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Perkins then timely filed the current petition for a writ of habeas corpus, alleging the same three grounds as his state habeas petition:

1. Ineffective assistance of counsel during the negotiating process because defense counsel misled, coerced, and forced petitioner into a guilty plea;

2. Denial of petitioner's right to counsel of his choice; and

3. Ineffective assistance of counsel because counsel abandoned petitioner without proper protocol.

Respondent moves to dismiss Perkins's claims as procedurally barred and/or without merit, and Perkins has failed to respond to the motion.

## II. EXHAUSTION AND DEFAULT

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest

---

[3] Perkins initially filed a notice of appeal, but later withdrew it.

state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000); 28 U.S.C. § 2254(b)(1). At the threshold, Perkins properly exhausted his claims under 28 U.S.C. § 2254(b)(1) because he presented them to the Supreme Court of Virginia in his state habeas petition.

However, the Supreme Court of Virginia found Claim 2 procedurally defaulted under *Parrigan*. *Parrigan* is an adequate and independent state law procedural ground that precludes a federal habeas court from considering the merits of claims when a petitioner could have raised the claim at trial or on direct appeal, but failed to do so. *See Vinson v. True*, 436 F.3d 412, 417 (4th Cir. 2006) (*Parrigan* is an adequate and independent bar.).

Nevertheless, a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice.[4] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* Perkins has not shown cause and prejudice or a miscarriage of justice to excuse the default. Therefore, Claim 2 is barred from federal habeas review.

### III. MERITS

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[4] Perkins has not asserted an actual innocence argument or proffered any "new reliable" evidence in support of his allegations. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Therefore, the court need not address the miscarriage of justice exception. *See Burket v. Angelone*, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (reasoning that because petitioner bears burden to raise cause and prejudice or actual innocence, a court need not consider either if not asserted by petitioner).

4

Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal courts review the merits of claims decided by the state courts under the deferential standard mandated by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA standard is "highly deferential" to both factual findings and legal conclusions, and the petitioner bears the burden of proof. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003); *see also Williams v. Taylor*, 529 U.S. 362, 410 (2000) (citing *Wright v. West*, 505 U.S. 277, 287 (1992)) (emphasis in original) ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law."). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could agree on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (omitting internal quotations).

Under § 2254(d), "state-court decisions [must] be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Additionally, § 2254(d) "refers only to a 'decision,' which resulted from an 'adjudication,'" and does not "requir[e] a statement of reasons" by the state court. *Harrington*, 562 U.S. at 98. "In reviewing a habeas petition, federal courts must presume the correctness of a state court's factual determinations unless the habeas

5

petitioner rebuts the presumption of correctness by clear and convincing evidence." *Green v. Johnson*, 515 F.3d 290, 299 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)).

To state a constitutional claim for ineffective assistance of counsel, a petitioner must satisfy the two-prong *Strickland* test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." 466 U.S. at 686–87. A petitioner must overcome "a strong presumption" that counsel's tactical decisions during the representation were reasonably competent, and the court may adjudge counsel's performance deficient only when a petitioner demonstrates that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 689–90.[5] The court must deny relief if petitioner fails to establish either of the *Strickland* prongs. *See Spencer v. Murray*, 18 F.3d 229, 232–33 (4th Cir. 1994).

When reviewing a *Strickland* claim under AEDPA, the court's review is "doubly" deferential. *See Harrington*, 562 U.S. at 105. Even if Perkins can establish deficient performance under this high standard, relief is unavailable in a guilty plea context unless "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Lastly, absent clear and convincing evidence to the contrary, a criminal defendant is bound by his statements during a plea colloquy regarding the adequacy of counsel and the voluntariness of his plea. *See Fields v. Atty. Gen. of Md.*, 956 F.2d 1290, 1294–99 (4th Cir. 1992).

Finally, the *Strickland*'s "high threshold" and deferential principles apply "even where there has been a summary denial" in state court. *Cullen v. Pinholster*, 563 U.S. 170, 187–88 (2011).

---

[5] "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough*, 540 U.S. at 8.

> In these circumstances, [a petitioner] can satisfy the "unreasonable application" prong of § 2254(d)(1) only by showing that "there was no reasonable basis" for the [state court's] decision. "[A] habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]."

*Id.* at 188–89 (quoting *Harrington*, 562 U.S. at 102) (internal citations removed).

In Claim 1, Perkins argues that counsel was ineffective for misleading, coercing, and forcing Perkins into a guilty plea during the negotiating process. The Supreme Court of Virginia, relying on *Anderson*, found that Perkins

> failed to offer a valid reason why he should not be bound by his representations when entering his *Alford* pleas that he had adequately consulted and was satisfied with counsel, he understood his charges, no one had threatened or forced him to enter his pleas, and his pleas were voluntary and there is no evidence identified by [Perkins] that would support the contrary conclusion that the pleas were involuntary.

*Perkins v. Clarke*, No. 151446, at 1 (Va. May 9, 2016). (Dkt. No. 11, Attach. 6). The court agrees with the state habeas court's analysis. Although *Anderson* is not applicable in federal court, the Fourth Circuit has similarly held that a petitioner is bound by his sworn statements during the plea colloquy regarding voluntariness and counsel's performance. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'") (citations omitted).

Perkins contends that the April 2 hearing was "no more than a subterfuge . . . used by his attorney in order to coerce him into pleading guilty." (Pet'r's Pet. 2, Dkt. No. 1.) He claims that counsel "equate[d] his [refusal to plead guilty] as 'not having a meeting of the minds,' and

7

threatened to withdraw from the case rather than allow the setting of a bail, in order that [Perkins] can hire another attorney." (*Id.* at 3.) Thus, due to counsel's actions, Perkins was "scared" into pleading guilty, and "[i]f it wasn't for this sellout by counsel, [he] would have maintained his innocence and elected to go to trial." (*Id.* at 3-4.) Specifically, Perkins believes that he should not be bound by his statements during the plea colloquy because he felt coerced by his attorney when counsel: (1) moved to withdraw, (2) texted and emailed the Commonwealth, and (3) openly stated concern regarding the severe consequences of proceeding to trial.[6]

Perkins fails to offer clear and convincing evidence that he was forced, coerced, or misled into pleading guilty. Self-serving and conclusory statements regarding his innocence and counsel's actions do not constitute clear and convincing evidence contrary to under oath statements during the plea colloquy.[7] "Bare allegations" of constitutional error are not sufficient grounds for habeas relief; the petitioner must factually support his claim. *See Nickerson v. Lee*, 971 F.2d 1125, 1135 (4th Cir. 1992). Further, although his petition directly contradicts the Commonwealth's summary of the evidence, Perkins did not originally object.[8] Perkins fails to

---

[6] Perkins allegedly informed an unbelieving counsel that "he had sold [the criminal informant] no drugs" and "[t]he video would have revealed . . . [that] there was no sale by [Perkins] to the [criminal informant] . . . [and] [t]here was no search of the [criminal informant], prior to the alleged sale of [the] controlled substance, as required by law." (Pet'r's Pet. 3.)

[7] The court can understand that a defendant might feel pressured to accept a plea agreement where his counsel seeks to withdraw the day before trial. But counsel never stated, and Perkins has not shown, that counsel threatened, forced, or coerced Perkins into accepting the agreement. Counsel did tell the court that he and Perkins "were not able to have a meeting of the minds," and that he worried that "Mr. Perkins may feel that I did not handle his matter, his case, in a manner that would be—reach the threshold, minimum threshold of competency and the like," but counsel's statements and actions are not sufficient evidence to invalidate Perkins' sworn statements during his plea colloquy under the highly deferential *Strickland* standard. (Tr. 9–10.)

[8] At the April 2 hearing, counsel stated: "Your Honor, we submit and stipulate that [the Commonwealth's proffer of] evidence would be sufficient for the defendant, my client, Mr. Perkins to be found guilty. I also note we have no objections to the submission of any of the certificates." (Tr. 30.)

show that the state habeas court's finding is contrary to, or an unreasonable application of, *Strickland*, or an unreasonable determination of facts; therefore, Claim 1 is without merit.

In Claim 3, Perkins asserts that counsel denied him his right to appeal by abandoning him without proper protocol. On habeas review, the Supreme Court of Virginia found that the claim did not satisfy either prong under *Strickland*:

> The record, including counsel's motion to withdraw [Perkins's] appeal to the Court of Appeals and the Court of Appeals' order granting the motion, demonstrates that counsel timely filed a notice of appeal and that [Perkins] subsequently executed a written as[s]ent to counsel's withdrawal of that appeal. [Perkins] has not claimed that his consent was in any way invalid or compromised. Thus, [Perkins] has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Perkins*, No. 151446, at 3. (Dkt. No. 11, Attach. 6). The court agrees with the state habeas court's analysis. Perkins has not offered any evidence supporting his claim, and the record directly contradicts his conclusory statements. *See Nickerson*, 971 F.2d at 1135. Therefore, Claim 3 is without merit under *Strickland*.

IV. CONCLUSION

For the reasons stated, the court will grant the motion to dismiss Perkins's § 2254 petition. All claims are procedurally defaulted and/or without merit.

An appropriate order will enter this day.

Entered: September 15, 2017.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

9